IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN P. FORTUNE,                            :
                                               :    CIVIL ACTION NO. **1:CV-11-0823**
                                               :
                    Plaintiff                  :    (Chief Judge Kane)
                                               :
                    v.                         :    (Magistrate Judge Blewitt)
                                               :
DOMESTIC RELATIONS                             :
YORK COUNTY, et al.,                           :
                                               :
                                               :
                    Defendants                 :

## REPORT AND RECOMMENDATION

**I. Background.**

On April 29, 2011, Plaintiff, Stephen P. Fortune, a resident of 48 Lark Circle, York,

Pennsylvania, filed, *pro se*, the instant civil rights action pursuant to 42 U.S.C. § 1983.  (Doc. 1).

Further, Plaintiff filed an *in forma pauperis* motion.  (Doc. 2).  This Court has jurisdiction over this

action based on 28 U.S.C. § 1331 and §1341(a).

In his 2-page handwritten form Complaint, Plaintiff alleges as follows:

> I received a phone call from Domestic.  They asked me if I was
> supporting my children the mother was sitting there in the office she said
> yes.  And the lady said if he is supporting them you have no business
> here.  Then the "Bad Powers" got involved gave orders to Springettbury
> Police to pick me up at gun point in front of my children while visiting.
> Put me in jail for $2500 bail.  No warrant was issued at all.  Then freezed
> my bank account & withdraw the money for 5 months.  It was a joint
> account.  Then they told the Legal Aid lawyer to go along with the DRO
> [Domestic Relations Office] people & the Judge.  So I was not really
> being represented.  Got a paid lawyer, and they put me in jail told me to
> purge my way out for $1K and put rears on me for $12K dollars.  Scared off
> the paid lawyer told him to stay out if.  So they can continue the illegal
> procedures.  There are several laws that protect the Veterans from this

> kind of behavior & Natives. They have no court order on file they put it
> in & out of the system.  The "Bad Powers" scare off all the lawyers so I
> can not get a lawyer.

(Doc. 1, pp. 1-2, Statement of Claim).

As relief, Plaintiff requests as follows:

> I want criminal action not only filed against every one involved
> and I want restitution for illegal behavior disregard of my children,
> their running their own court system based on 1990 law.  No
> regard for Federal Law whatsoever.  These people need to be brought
> to justice this is happening to a lot of people & Veterans.  Restitution
> in the amount of $4 million dollars.

(*Id.*, p. 2, Wherefore Clause).[1]

Plaintiff names the following five Defendants: Domestic Relations Office of York County;

William Conrad; Judge Harry Ness; Sandra Harding; and Colleen Younger.  (*Id.*, p. 1).  Plaintiff does

not specify the positions or titles of Defendants Conrad, Harding and Younger.

---

[1] The undersigned has been assigned this case for all pre-trial matters pursuant to 28 U.S.C. § 636(b)(1)(A).
   We note that Plaintiff incorrectly requests, in part, that a criminal action be filed against all Defendants and that he receive "restitution for illegal behavior."  (Doc. 1, p. 2). To the extent Plaintiff claims that Defendants committed criminal violations, such claims are not proper in a federal civil action.  This Court cannot grant as relief in the present case the initiation of a criminal prosecution.  The Third Circuit has held that a private person could not impose criminal liability on a defendant since he lacked standing to do so.  *See Conception v. Resnik*, 2005 WL 1791699, *2, 143 Fed. Appx. 422, 425-26 (3d Cir. 2005) (Non-Precedential).  This Court has no authority to grant Plaintiff relief with respect to alleged criminal conduct in this action.  *See Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.) aff'd. in relevant part, C.A. No. 09-1486 (3d Cir. 5-21-10); *Banks v. U.S. Attorney*, 2008 WL 3853307, *2.  Thus, insofar as Plaintiff is seeking this Court to arrest and punish Defendants for illegal behavior, this request is subject to dismissal with prejudice.

Plaintiff appears to have named York County Domestic Relations as a Defendant herein, pursuant to *Monell*.[2]

We find that Plaintiff fails to state a cognizable constitutional claim in his Complaint, and that his claims are barred by the *Rooker-Feldman* doctrine.

## II.  Screening Plaintiff's Complaint.

As stated, Plaintiff filed a Motion to proceed *in forma pauperis*. (Doc. 2).  We now screen Plaintiff's 2-page pleading as we are obliged to do.  *See Dunbar v. Dunbar*, Civil No. 11-0135, M.D. Pa.  On February 11, 2011, the Court in *Dunbar* issued an Order and granted Plaintiff's *in forma pauperis* motion  (Doc. 3, *Dunbar*).  The *Dunbar* Court then stated:

> The proper procedure after a district court grants *in forma pauperis* status is to file the complaint and then "screen it" before service pursuant to 28 U.S.C. § 1915(e)(2)(B).  Fisher v. Miller, 373 Fed. App'x 148, 148 (3d Cir.  2010) (citing Oates v. Sobolevitch, 914 F.2d 428, 429 n.1 (3d Cir.  1990)).  'The District Court may dismiss the complaint if, *inter alia*, it fails to state a claim upon which relief can be granted."  See 28 U.S.C. § 1915(e)(2)(B)(ii); Fisher, Fed App'x at 148.  If the Court finds that the Complaint fails to state a claim upon which relief can be granted, the Court must grant Plaintiff leave to amend the Complaint unless "amendment would be inequitable or futile."  Grayson v. May view State Hosp., 293 F.3d 103, 106 (3d Cir.  2002) (citing Shane v. Fauver, 213 F.3d 113, 116-17 (3d Circ. 2000)); see also Fisher, 373 Fed. App'x at 149-50.

(Doc. 3, pp. 1-2, *Dunbar*).

---

[2]*Monell v. New York Dept. of Social Servs*., 436 U.S. 658 (1978).

We will recommend that the Court grant Plaintiff's *in forma pauperis* Motion (Doc. 2). Thus, we are obliged to screen Plaintiff's Complaint under 28 U.S.C. §1915A(a). In *Banks v. U.S. Attorney*, 2008 WL 3853307 (M.D. Pa.), the Court stated, "[a] federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity. *See* 28 U.S.C. §1915A(a). In the court's review, it must identify any cognizable claims and dismiss an claims which frivolous, malicious, fail to state a claim on which relief may be granted, or seek monetary relief against a Defendant who is immune from such relief. *See id.* [28 U.S.C.] § 1915A(b)(1) and (2)." *See also Banks v. Buchanan*, 336 Fed.Appx. 122, 123 (3d Cir. 2009)("Because Banks is proceeding *in forma pauperis,* we must review this appeal to determine whether it should be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(i)."

Despite the fact that Plaintiff Fortune is not an inmate and is not complaining about prison conditions, § 1915(e)(2) applies to all *in forma pauperis* complaints, and not just to prisoners. *See Grayson v. Mayview State Hosp.*, 293 F3d 103, 110, n. 10 (3d Cir. 2002); *Lopez v. Smith*, 203 F. 3d 1122, 1129 (9th Cir. 2000); *Williams v. Marino,* Civil No. 03-0632, M.D. Pa. January 12, 2004, Memorandum and Order, p. 4; *Palencar v. Cobler Realty Advisors*, Civil No. 09-0325, M.D. Pa., 7-24-09 slip op. pp. 5-6.

The Court uses the same standard to screen a complaint as it does for a 12(b)(6) motion to dismiss. *See O'Connell v. Sobina*, 2008 WL 144199, *3 (W.D. Pa.); *Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.).

### III. Motion to Dismiss Standard.

In *Reisinger v. Luzerne County*, 2010 WL 1976821, *7 (M.D. Pa.), the Court stated:

The Third Circuit Court of Appeals recently set out the appropriate standard applicable to a motion to dismiss in light of the United States Supreme Court's decisions *Bell Atlantic Corp. v. Twombly,* 550 U.S. 433 (2007), and *Ashcroft v. Iqbal,* --- U.S. ----, 129 S.Ct. 1937 (2009). "[T]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true to 'state a claim that relief is plausible on its face.' " *Iqbal,* 129 S.Ct. at 1949 (citing *Twombly,* 550 U.S. at 570). The Court emphasized that "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* at 1950. Moreover, it continued, "[d]etermining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* (citation omitted). *McTernan v. City of York,* 577 F.3d 521, 530 (3d Cir.2009). The Circuit Court discussed the effects of *Twombly* and *Iqbal* in detail and provided a road map for district courts presented with a motion to dismiss for failure to state a claim in a case filed just a week before *McTernan, Fowler v. UPMC Shadyside,* 578 F.3d 203 (3d Cir.2009).

[D]istrict courts should conduct a two-part analysis. First, the factual and legal elements of a claim should be separated. The District Court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. [ *Iqbal,* 129 S.Ct. at 1949.] Second, a District Court must then determine whether the facts alleged in the complaint are sufficient to show that the plaintiff has a "plausible claim for relief." *Id.* at 1950. In other words, a complaint must do more than allege a plaintiff's entitlement to relief. A complaint has to "show" such an entitlement with its facts. *See Philips [v. Co. of Allegheny],* 515 F.3d [224,] 234-35 [ (3d Cir.2008) ]. As the Supreme Court instructed in *Iqbal,* "[w]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged-but it has not 'show[n]'-'that the pleader is entitled to relief.' " *Iqbal,* 129 S.Ct. at 1949. This "plausibility" determination will be "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id. Fowler,* 578 F.3d at 210-11.

The Circuit Court's guidance makes clear that legal conclusions are not entitled to the same deference as well-pled facts. In other words, "the court is 'not bound to accept as true a legal conclusion couched as a factual allegation.' " *Guirguis v. Movers Specialty Services, Inc.,* No. 09-1104, 2009 WL 3041992, at *2 (3d Cir. Sept. 24, 2009) ( *quoting Twombly,* 550 U.S. at 555) (not precedential).

**IV.  Section 1983 Standard.**

In a § 1983 civil rights action, the Plaintiff must prove the following two essential elements: (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct complained of deprived the Plaintiff of rights, privileges or immunities secured by the law or the Constitution of the United States.  *Parratt v. Taylor*, 451 U.S. 527 (1981); *Kost v. Kozakiewicz*, 1 F. 3d 176, 184 (3d Cir. 1993).  Further, Section 1983 is not a source of substantive rights.  Rather, it is a means to redress violations of federal law by state actors.  *Gonzaga Univ. v. Doe*, 536 U.S. 273, 284-85 (2002).  *See also Holocheck v. Luzerne County Head Start, Inc.*, 385 F. Supp. 2d 491, 498-499 (M. D. Pa. 2005); *Slater v. Susquehanna County*, 613 F. Supp. 2d 653, 660 (M.D. Pa. 2009) (citations omitted); *Stankowski v. Farley*, 487 F. Supp. 2d 543, 550 (M.D. Pa. 2007) ("only those who act under color of state law are liable to suit under section 1983.").

"In order to satisfy the second prong [of a §1983 civil rights action], a Defendant does not have to be a state official, but can also be held liable as a state actor."  *Slater v. Susquehanna County*, 613 F. Supp. 2d at 660(citations omitted).

It is well established that personal liability under section 1983 cannot be imposed upon a state official based on a theory of *respondeat superior*.  *See, e.g., Rizzo v. Goode*, 423 U.S. 362 (1976); *Hampton v. Holmesburg Prison Officials*, 1546 F.2d 1077, 1082 (3d Cir. 1976); *Parratt, supra*.  It is also well settled in the Third Circuit that personal involvement of defendants in alleged constitutional deprivations is a requirement in a § 1983 case and that a complaint must allege such personal involvement.  *Id.*  Each named defendant must be shown, through the complaint's allegations, to have been personally involved in the events or occurrences upon which Plaintiff's

claims are based.  *Id.*  As the Court stated in *Rode v. Dellarciprete*, 845 F.2d 1195, 1207 (3d Cir. 1998):

> A defendant in a civil rights action must have personal involvement in the alleged wrongs . . . . [P]ersonal involvement can be shown through allegations of personal direction or of actual knowledge and acquiescence.  Allegations of participation or actual knowledge and acquiescence, however, must be made with appropriate particularity. (Citations omitted).

A civil rights complaint must state time, place, and responsible persons.  *Id.*  Courts have also held that an allegation seeking to impose liability on a defendant based on supervisory status, without more, will not subject the official to section 1983 liability. *See Rode,* 845 F.2d at 1208.

## V.  Discussion.

As noted, Plaintiff cannot seek as relief in this §1983 action to have criminal proceedings initiated against Defendants.  *See Matthews v. Villella*, 2009 WL 311177, *2 (M.D. Pa.) aff'd. in relevant part, C.A. No. 09-1486 (3d Cir. 5-21-10); *Banks v. U.S. Attorney*, 2008 WL 3853307, *2. Thus, insofar as Plaintiff is seeking this Court to commence criminal proceedings against Defendants for alleged illegal behavior, we recommend that this request be dismissed with prejudice.

We also find that Defendant Judge Ness of the York County Court of Common Pleas should be dismissed with prejudice since he is absolutely immune from this suit

Plaintiff seems to allege that Defendant Judge Ness of the York County Court of Common Pleas gave "orders to the Springettbury police to pick [him] up ... [and] put [him] in jail for $2500 bail," without a warrant, for failure to pay child support.  Plaintiff also seems to allege that Defendant Judge Ness and the York County Domestic Relations Office froze his joint bank account and withdrew money for months to pay the arrears he owed for child support.  Plaintiff further

alleges that "they put me in jail [and] told me to purge my way for $1[000] and put [arrears] on me for $12[,000]." (Doc. 1, p. 2). Plaintiff also avers that the "Bad Powers" scared off his "paid lawyer and told him to stay out of it" after "they told his Legal Aid Lawyer to go along with the DRO [Domestic Relations Office] people and the Judge," "so they can continue the illegal procedures." (*Id*.). Additionally, Plaintiff states that "they [the Domestic Relations Office people and the Judge] have no court order on file they put it in [and] out of the system." (*Id*.).

To the extent Plaintiff is suing York County Judge Ness, and to the extent Plaintiff is seeking damages, we find that this Defendant Judge is entitled to absolute judicial immunity.[3] Based on *Stankowski v. Farley*, 487 F. Supp. 2d 543 (M.D. Pa. 2007), we find that the York County Judge, who presided over the child support proceedings against Plaintiff, is entitled to absolute judicial immunity with respect to Plaintiff's claims against him insofar as Plaintiff seeks monetary damages. We find that Plaintiff's present claims against Defendant Judge Ness, stated above, clearly relate to the performance of his judicial duties in handling the child support proceedings against Plaintiff, and that these claims are precluded by absolute judicial immunity. *See Stankowski v. Farley*, 487 F. Supp. 2d 543 (M.D. Pa. 2007); *Kalomiris v. Monroe County Syndicate*, 2009 WL 73785, *7 (M.D. Pa.); *Rush v. Wiseman*, 2010 WL 1705299, *7 (E.D. Pa. 4-27-10).

As discussed above, Plaintiff's claims against Defendant York County Judge Ness clearly arise from actions he performed while discharging his judicial duties in handling the child support case against Plaintiff, such as issuing an order for Plaintiff's arrest for failing to pay child support and

---

[3]In addition to requesting that criminal proceedings be commenced against Defendants, Plaintiff only requests monetary damages. (Doc. 1, p. 2).

placing Plaintiff in prison until he purged the arrears he owed for child support, and freezing Plaintiff's bank account and withdrawing money for five months to pay the arrears.  The alleged improper and illegal actions taken by York County Judge Ness were taken within his jurisdiction and were performed in his judicial capacity.  The stated decisions and orders of York County Judge Ness, "plainly assert claims associated with the judicial Defendant['s] performance of [his] official functions within the exercise of [his] jurisdiction." *Kalomiris v. Monroe County Syndicate*, 2009 WL 73785, *7.  Also, it is clear that York County Judge Ness was acting within his jurisdiction to hear the child support case against Plaintiff.

Thus, we find that Plaintiff has failed to state a claim as against Defendant York County Judge Ness since this Defendant is entitled to absolute judicial immunity with respect to Plaintiff's claims for damages.[4]  We will recommend that Defendant York County Judge Ness be dismissed with prejudice since we find futility of an amended pleading as to this Defendant.  *See Grayson v. Mayview State Hosp.,* 293 F.3d 103, 108 (3d Cir.2002).

We also find that Plaintiff's action is entirely barred under the *Rooker-Feldman* doctrine, as well under the doctrine of claim preclusion.  Moreover, Plaintiff does not even allege that Defendants Conrad, Younger and Harding are state actors for purposes of §1983.[5]  Additionally,

---

[4]*See Kalomiris v. Monroe County Syndicate*, 2009 WL 73785, *7.

[5]We note that if Defendants Conrad, Younger and Harding were employed by the York County Domestic Relations Office, they would be entitled to quasi judicial immunity if they acted pursuant to Defendant Judge Ness's directives in Plaintiff's child support case.  In *Clayton v. Children's Choice*, 2010 WL 3282979, *6 (E.D. Pa. 8-18-10), the Court stated:

> Absolute judicial immunity extends to officials who perform quasi-judicial functions or who act pursuant to a judge's instructions. *See Forrester v. White,* 484 U.S. 219, 225, 108 S.Ct. 538, 98 L.Ed.2d 555 (1988) (extending judicial immunity to officials "who perform quasi-judicial functions");

we find that Plaintiff has not stated a claim against Defendant York County Domestic Relations under *Monell*.

We find that Plaintiff fails to state a municipal liability claim against Defendant York County Domestic Relations.  As stated, Plaintiff has implicated York County Domestic Relations as a Defendant pursuant to *Monell v. New York Dept. of Social Servs.*, 436 U.S. 658 (1978).  *See Kokinda v. Breiner*, 557 F. Supp. 2d 581, 587 (M.D. Pa. 2008).  Under *Monell*, "municipalities and other local government units are among those 'persons' to whom Section 1983 applies."  *Meyers v. Schuylkill Co. Prison*, 2006 WL 559467, *9 (M.D. Pa.).  *See Malles v. Lehigh County*, 2009 WL 2258623, *7 (E.D. Pa.).  As the *Malles* Court stated:

> According to the teaching of *Monell v. Department of Social Services,* 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978), Lehigh County "can be sued directly under § 1983 ... [when] the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [Lehigh County's] officers" or where the constitutional deprivations occurred pursuant to governmental custom. *Monell,* 436 U.S. at 690, 98

---

> *McArdle v. Tronetti,* 961 F.2d 1083, 1085 (3d Cir.1992) (holding that a prison physician who prepared an evaluation of an inmate pursuant to a judge's request was "functioning as an arm of the court" and "[a]s such, he was an integral part of the judicial process and is protected by the same absolute judicial immunity that protects" the judge); *Dellenbach v. Letsinger,* 889 F.2d 755, 763 (7th Cir.1989) (holding that "court personnel are entitled to absolute quasi-judicial immunity for their alleged acts ... pursuant to the judge's instructions."). In § 1983 actions relating to custody proceedings, this quasi-judicial immunity has been extended to guardians *ad litem, Dornheim v. Sholes,* 430 F.3d 919, 925 (8th Cir.2005), and child custody conference officers. *Logan v. Lillie,* 728 A.2d 995 (Pa.Commw.1999), *appeal withdrawn,* 559 Pa. 708, 740 A.2d 235 (1999).

S.Ct. 2018.

*Id*.

We find that Plaintiff has not stated a municipal liability claim under *Monell* against Defendant York County Domestic Relations with respect to his stated claims.  Defendant York County Domestic Relations cannot be held liable for the conduct of persons it supervises pursuant to *respondeat superior* as Plaintiff clearly attempts to do in this case.  *Meyers v. Schuylkill Co. Prison*, 2006 WL 559467, *9.  Rather, "[York County Domestic Relations is] subject to liability to the extent [it] maintain[s] an unconstitutional custom or policy that caused the alleged constitutional violation." *Id*. (citation omitted).  We find that Plaintiff has not identified any unlawful customs or policies of York County Domestic Relations and he has not alleged that these municipal practices were the proximate cause of the alleged violations of his rights.

In *Kokinda,* the Court stated:

> A municipality cannot be held liable for the actions of its employees under § 1983 based upon *respondeat superior*. *Monell v. Dep't. of Soc. Servs.*, 436 U.S. 658, 691, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).  However, "the government as an entity is responsible under § 1983" when it "caused" the Plaintiff's injury; that is, "when execution of a government's policy or custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." *Id*. at 694, 98 S.Ct. 2018.  Where, as here, Plaintiff alleges that the flawed policy is a failure to train, the municipality can be held liable when "'that failure amounts to "deliberate indifference . . . [to the constitutional rights of persons with whom the police come in contact.'" *Woloszyn v. County of Lawrence*, 396 F.3d 314, 324 (3d Cir. 2005) (citations omitted).  There must also be a causal nexus, in that the "'identified deficiency in [the] training program must be closely related to the ultimate 'constitutional'' injury." *Id*.  at 325 (citations omitted).

> To survive a motion to dismiss, the plaintiff must "allege that a 'policy or custom' of [the defendants] was the 'moving force' behind the [constitutional] violation." *Grayson v. May view State Hosp.*, 293 F.3d 103, 107 (3d Cir. 2002) (citing *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 404, 117 S.Ct. 1382, 137 L.Ed.2d 626 (1997)).

*Kokinda*, 557 F. Supp. 2d at 590-91.

We find that Plaintiff's vague and sparse allegations against Defendant York County Domestic Relations are not sufficient to make it subject to municipality liability in a § 1983 action. Based on *Kokinda* and *Malles*, we find Plaintiff's allegations do not sufficiently state that Defendant York County Domestic Relations caused Defendants' alleged conduct in his child support case by having customs, policies, practices and procedures, and that this conduct gave rise to the violations alleged in the Complaint.

Therefore, we will recommend that Plaintiff not be allowed to proceed with any of his claims as against Defendant York County Domestic Relations, and we will recommend that this Defendant be dismissed with prejudice from this action. *See Eichelman v. Lancaster County*, 510 F. Supp. 2d 377, 395-96 (E.D. Pa. 2007).[6]

Moreover, we find that this Court lacks subject matter jurisdiction over all of Plaintiff's claims under the *Rooker-Feldman* doctrine. *See Wager v. York County Domestic Relations*, 2010 WL 231129 (M.D. Pa. 1-14-10). In *McKnight v. Baker*, 244 Fed. Appx. 442 (3d Cir. 2007), the Third

---

[6]"As in all §1983 claims, a municipality's liability depends upon the occurrence of a constitutional deprivation." *Gardner v. Luzerne County*, 645 F. Supp. 2d 325, 343 (M.D. Pa. 2009).  As discussed below, since we find that this Court lacks jurisdiction over Plaintiff's entire action based on the *Rooker-Feldman* doctrine, we find futility in granting Plaintiff leave to file an amended complaint as against any Defendant.  *See Wager v. York County Domestic Relations*, 2010 WL 231129 (M.D. Pa. 1-14-10).

Circuit considered an appeal filed by Mr. McKnight arising from a custody dispute with the mother (Ms. Middleton) of their daughter.  The Philadelphia County Family Court issued a custody and visitation order granting the mother primary custody over Plaintiff's and Ms. Middleton's daughter. The Family Court also suspended Plaintiff's visitation rights for failing to abide by an order.  The District Court dismissed most of Plaintiff's claims pursuant to the *Rooker-Feldman* doctrine.  *See McKnight v. Baker*, 343 F. Supp. 2d 422 (E.D. Pa. 2004), affirmed, 244 Fed.Appx. 442 (3d Cir. 2007).

In *McKnight*, 244 Fed. Appx. at 444-45, the Third Circuit stated:

> With reference to the *Rooker-Feldman* doctrine, district courts do not have jurisdiction over cases brought by a "state-court loser [ ] complaining of injuries caused by [a] state-court judgment[ ] rendered before the district court proceedings commenced and inviting district court review and rejection of [that] judgment[ ]." *Exxon Mobil Corp.,* 544 U.S. at 284, 125 S.Ct. 1517. Despite McKnight's argument to the contrary, it is abundantly clear that the crux of his complaint is that Middleton and others conspired to have the Family Court suspend his visitation rights and have subsequently acted in accordance with that Family Court order. It is hard to imagine a case which more directly asks a district court to review the actions of a state court. In order for McKnight to prevail, the District Court would need to  conclude that the Family Court erred in its suspension of McKnight's visitation rights, or that the various defendants have violated his constitutional rights in adhering to the dictates of that order. The District Court does not have jurisdiction to so conclude. *See, e.g., Marran v. Marran*, 376 F.3d 143, 151-53 (3d Cir.2004); *GASH Assocs. v. Village of Rosemont,* 995 F.2d 726, 727-29 (7th Cir.1993) ("[C]arrying out a judicial decision does not independently violate the Constitution.").

As in the *McKnight*, we find that Plaintiff Fortune is clearly seeking this District Court to review and overturn the decisions of the York County Court and Domestic Relations Office regarding his child support he was ordered to pay for his children.  Plaintiff also seems to seek this

Court to find that Defendants violated his rights with respect to the child support decisions of the York County Court and Domestic Relations Office.  We find that based on *McKnight* and *Wager*, it is abundantly clear that this Court does not have jurisdiction over Plaintiff Fortune's action.  *See also Johnson v. DeGrandy,* 512 U.S. 997, 1005-1006 (1994)("[A] party losing in state court is barred from seeking what in substance would be appellate review of the state judgment in a United States district court, based on the losing party's claim that the state judgement itself violates the loser's federal rights."); *McFall v. Register of Wills for Bucks County, PA,* 352 F. Supp. 2d 544, 547 (E.D. Pa. 2004).

In *Wager v. York County Domestic Relations*, 2010 WL 231129, *5, the Court stated:

> It has been consistently recognized that the *Rooker-Feldman* doctrine prevents federal judges from considering civil rights lawsuits which seek to re-examine state domestic relations court rulings that are presented "by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced." *Kwasnik v. Leblon,* 228 F. App'x 238, 242 (3d Cir.2007). In such instances, the federal courts have typically deferred to the state court domestic relations decisions, and rebuffed efforts to use federal civil rights laws to review, or reverse, those state court rulings. *See, e.g., Marran v. Marran,* 376 F.3d 143 (3d. Cir.2004); *Kwasnik* 228 F. App'x 238, 242; *Smith v. Department of Human Services,* 198 F. App'x 227 (3d Cir.2006); *Rose v. County of York,* No. 05-5820, 2007 WL 136682 (E.D.Pa. Jan.12, 2007).  These settled principles are directly applicable here and are fatal to Wager's claims. Granting even the most liberal reading to Wager's complaint, that complaint directly invites this Court to set aside decisions rendered in state court in a longstanding domestic relations case. Thus, Wager's complaint specifically invites us to do precisely that which we are forbidden under the *Rooker-Feldman* doctrine from doing: entertain a "case[ ] brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting [this] court review and rejection of those judgments." *Exxon Mobil Corp. v. Saudi Basic Industries Corp.,* 544 U.S. at 284. Therefore, this Court should decline Wager's invitation and dismiss this complaint for lack of jurisdiction.

*See also Van Tassel v. Lawrence County Domestic Relations Sections*, 390 Fed. Appx. 201 (3d Cir. 2010).

In *Gaynor v. Nelowet*, 2000 WL 427274, *1 (E.D. Pa. 4-19-00), the Court stated:

> The *Rooker-Feldman* doctrine,FN13 under which federal district courts are not permitted to exercise judicial review over state court proceedings. "District courts lack subject matter jurisdiction once a state court has adjudicated an issue because Congress has conferred only original jurisdiction not appellate jurisdiction on the district courts." *Guarino v. Larsen,* 11 F.3d 1151, 1156-57 (3d Cir.1993); *see also Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 24, 107 S.Ct. 1519, 1533, 95 L.Ed.2d 1 (1987) (Marshall, J., concurring) ("It is a well-settled principle that federal appellate review of judgments rendered by state courts can only occur in this Court, on appeal or by writ of certiorari."). A federal proceeding is barred under the *Rooker-Feldman* doctrine "when entertaining the federal court claim would be the equivalent of an appellate review of [the state court] order." *FOCUS v. Allegheny County Court of Common Pleas,* 75 F.3d 834, 840 (3d Cir.1996). *Rooker-Feldman* applies to final state court judgments, *Port Authority Police Benevolent Ass'n v. Port Authority,* 973 F.2d 169, 177 (3d Cir.1992), including those of lower state courts. *Id.* ("[F]ederal district courts are certainly ... precluded from reviewing decisions of lower state courts, which are subject to correction and modification within the state court system.").

In the present case, we find that Plaintiff Fortune's constitutional claims are "inextricably intertwined" with issues adjudicated by a state court since this Court would have to determine that the York County Court's decisions and orders regarding the child support payments of Plaintiff, as well as the decisions of the York County Domestic Relations Office, were erroneously entered in order to grant Plaintiff relief with respect to his instant claims.  We find that Plaintiff's constitutional claims are not independent of the merits of the York County Court's decisions and orders.  Thus, we find that a decision with respect to Plaintiff's present federal claims by this Court requires a determination that the York County Court's decisions and orders were erroneous, and that a

15

decision by this Court would render the York County Court's decisions and orders as ineffectual. Indeed, any relief to which Plaintiff Fortune may be entitled in this case with respect to his instant claims would clearly be based on findings that the York  County Court's decisions and orders entered in Plaintiff's child support case were issued in violation of his constitutional rights.  *See Gaynor, supra*.

Therefore, we find that the relief Plaintiff Fortune requests in the present case could only be granted if his rights were violated by the stated York County Court's decisions and orders.  Thus, we will recommend that all of Plaintiff's constitutional claims raised in his Complaint be dismissed based on the *Rooker-Feldman* doctrine since the Court lacks subject matter jurisdiction to review these claims which are inextricably intertwined with the York County Court's decisions and  orders. *See McKnight, supra; Roush v. Horner*, 2008 WL 189556, *5-*7 (W.D. Pa. 1-18-08).

Additionally, Plaintiff's remedy with respect to his challenge to the York  County Court's final orders regarding all matters pertaining to his child support payments was to file an appeal with the Pennsylvania appellate courts.  *See McKnight v. Baker*, 343 F. Supp. 2d at 425, citing *Parkview Assoc. Partnership v. City of Lebanon*, 225 F.3d 321, 324 (3d Cir. 2000).

Additionally, Plaintiff's attempt to relitigate the decisions regarding his child support payments by the York County Court is not permitted based on Pennsylvania's preclusion doctrine. In *Moncrief v. Chase Manhattan Mortg. Corp.*, 275 F3d.Appx. 149, 153 (3d Cir. 2008), the Court stated:

> Federal courts are required to give state court  judgments the same preclusive effect that the issuing state courts would give them.  *See Rycoline Prods., Inc. v. C & W Unlimited*, 109 F.3d 883, 887 (3d Cir. 1997).  Under Pennsylvania law, claim preclusion is a doctrine by which a former adjudication bars a

16

> later action on all or part of the claim which was the subject of the first action.  Any final, valid judgment on the merits by a court of competent jurisdiction precludes any future suit between the parties or their privies on the same cause of action.  [Claim preclusion] applies not only to claims actually litigated, but also to claims which could have been litigated during the first proceeding if they were part of the same cause of action. *Balent v. City of Wilkes-Barre*, 542 Pa. 555, 669 A2d. 309, 313 (1995) (internal citations omitted).

(footnote omitted).

As stated, Plaintiff could have litigated, in the state courts, his present claims regarding the child support decisions of the York  County Court, and he could have challenged these decisions in the state courts. The Pennsylvania claim preclusion doctrine now prohibits such claims.  *See McKnight v. Baker*, 415 F.Supp. 2d 559, 562, n. 2 (E.D. Pa. 2006), affirmed, 244 Fed.Appx. 442 (3d Cir. 2007)(Court found Plaintiff's federal action challenging the state Family Court's custody and visitation decisions was barred under the *Rooker-Feldman* doctrine and the doctrine of claims preclusion).

Moreover, as the Court in *Hansford v. Bank of America*, 2008 WL 4078460,*5-*6 (E. D. Pa.), stated:

> Claim preclusion, or *res judicata,* "prohibits reexamination not only of matters actually decided in the prior case, but also those that the parties might have, but did not assert in that action ." *Williams v. City of Allentown,* 25 F.Supp.2d 599, 602 (E.D.Pa.1998) (*citing Edmundson v. Borough of Kennett Square,* 4 F.3d 186, 189 (3d Cir.1993)). In order to successfully invoke claim preclusion, a party must show that there has been: (1) a final judgment on the merits in a prior suit involving (2) the same parties or their privies and (3) a subsequent suit based on the same causes of action." *United States v. Athlone Industries, Inc.,* 746 F.2d 977, 983 (3d Cir.1984). "All facts, allegations, and legal theories which support a particular claim, as well as all possible remedies and defenses, must be presented in one action or are lost." *Williams,* 25 F.Supp.2d at 602 ( *citing* 18 James Wm. Moore, et al., Moore's Federal Practice § 131.01 (3d ed.1998)).

Thus, insofar as Plaintiff Fortune's federal claims challenge the York County Court's final decisions and orders regarding his child support, these claims are barred by Pennsylvania's preclusion doctrine since they are based on the same transactions that were at issue in the state court's case.  *Id*.

Accordingly, we will recommend that Plaintiff Fortune's Complaint (Doc. 1) be dismissed with prejudice in its entirety as against all five Defendants pursuant to 28 U.S.C. § 1915(e).

## VI.  Recommendation.

Based on the above, it is respectfully recommended that Plaintiff Fortune's *in forma pauperis* Motion **(Doc. 2)** be granted and, that Plaintiff's Complaint **(Doc. 1)**  be dismissed with prejudice as against all five Defendants pursuant to 28 U.S.C. § 1915(e).[7]

**s/ Thomas M. Blewitt**
**THOMAS M. BLEWITT**
**United States Magistrate Judge**

**Dated: May 16, 2011**

---

[7]Pursuant to our above discussion, we find futility of any amendment of Plaintiff Fortune's federal claims against all five Defendants since this Court lacks subject matter jurisdiction over them based on the *Rooker-Feldman* doctrine, and we shall not recommend Plaintiff be granted leave to file an amended pleading with respect to his claims.  *See Forman v. Davis*, 371 U.S. 178, 182 (1982); *Shane v. Fauver*, 213 F.3d 113, 115 (3d Cir. 2000) (The futility exception means that a complaint, as amended, would fail to state a claim upon which relief can be granted); *Alston v. Parker*, 363 F. 3d 229, 235 (3d Cir. 2004); *McKnight v. Baker*, 415 F.Supp. 2d 559, 562, n. 2 (E.D. Pa. 2006), affirmed, 244 Fed.Appx. 442 (3d Cir. 2007)(Court found futility of another amended complaint since Plaintiff 's federal action challenging the state Family Court's custody and visitation decisions was barred under the *Rooker-Feldman* doctrine and the doctrine of claims preclusion).  *See also Conway v. King Pharmaceuticals, Inc.*, 2008 WL 4128088, *2 (M.D. Pa.).

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

STEPHEN P. FORTUNE,                    :
                                       :        CIVIL ACTION NO. **1:CV-11-0823**
                                       :
                    Plaintiff          :        (Chief Judge Kane)
                                       :
            v.                         :        (Magistrate Judge Blewitt)
                                       :
DOMESTIC RELATIONS                     :
YORK COUNTY, et al.,                   :
                                       :
                                       :
                    Defendants         :

## <u>NOTICE</u>

**NOTICE IS HEREBY GIVEN** that the undersigned has entered the foregoing

**Report and Recommendation** dated **May 16, 2011.**

Any party may obtain a review of the Report and Recommendation pursuant to

Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings,
> recommendations or report addressing a motion or matter described in
> 28 U.S.C. § 636 (b)(1)(B) or making a recommendation for the
> disposition of a prisoner case or a habeas corpus petition within fourteen (14)
> days after being served with a copy thereof.  Such party shall file
> with the clerk of court, and serve on the magistrate judge and all
> parties, written objections which shall specifically identify the
> portions of the proposed findings, recommendations or report to which
> objection is made and the basis for such objections.  The briefing
> requirements set forth in Local Rule 72.2 shall apply.  A judge shall
> make a *de novo* determination of those portions of the report or
> specified proposed findings or recommendations to which objection
> is made and may accept, reject, or modify, in whole or in part, the findings
> or recommendations made by the magistrate judge.  The judge, however,
> need conduct a new hearing only in his or her discretion or where
> required by law, and may consider the record developed before the

19

magistrate judge, making his or her own determination on the basis
of that record.  The judge may also receive further evidence, recall
witnesses or recommit the matter to the magistrate judge with
instructions.


                                                   **s/ Thomas M. Blewitt**
_____     **THOMAS M. BLEWITT**
                                             **United States Magistrate Judge**


**Dated: May 16, 2011**